UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00113-GNS

ST. CATHARINE COLLEGE, INC.                                              PLAINTIFF

v.

JOHN B. KING, JR., in his Official Capacity
as Acting Secretary of the United States
Department of Education; and
KATHY FEITH, in her Individual Capacity
as an employee of the United States
Department of Education                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Intervenor's Motion to Intervene (DN 30). For the reasons stated below, the motion is **DENIED**.

### I.  STATEMENT OF FACTS

This lawsuit arises from claims asserted by Plaintiff Saint Catharine College's ("SCC" or "the College") against the Department of Education ("DoE" or "the Department) and its personnel arising from the alleged illegally withholding of federal student aid. (Compl., DN 1). Intervenor Ross, Sinclair & Associates ("RSA") is an investment banking, securities brokerage, and asset management firm that has underwritten a number of non-rated municipal debt issuances throughout Kentucky. (Intervenor's Mot. to Intervene Ex. ¶ 6, DN 30-2 [hereinafter Proposed Intervening Compl.]).

As alleged by RSA, the City of Springfield, Kentucky, has issued revenue bonds to grow and develop SCC since 2004. (Proposed Intervening Compl. ¶11). At the time of the filing of the motion, $23,305,000 of that debt is still outstanding, and SCC remains solely responsible for servicing it. (Proposed Intervening Compl. ¶¶ 11-13). RSA, as underwriter, provided services

necessary for the sale and placement of the bonds, but is currently left with an unsold portion worth about $1,150,000. (Proposed Intervening Compl. ¶15-16). As the basis for intervening, RSA maintains that the bonds are "effectively unmarketable" because the DoE's conduct has deterred potential investors from purchasing such bonds by unlawfully compromising SCC's ability to operate. (Proposed Intervening Compl. ¶ 22).

RSA asserts that it has the right to intervene under Fed. R. Civ. P. 24(a)(2), or alternatively, that permissive intervention should be allowed under Fed. R. Civ. P. 24(b)(1). (Intervenor's Mot. to Intervene 1, DN 30). The Department urges this Court to deny the motion because, *inter alia*, RSA fails the "zone of interests" test originally propounded in *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S 150 (1970). This Court accepts the Department's "zone of interests" argument, and declines to hear RSA's claims.

## II. JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction under 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

The Administrative Procedure Act requires a party to have prudential standing, meaning that it is "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. *See Camp*, 397 U.S. at 153. "[T]he interest sought to be protected by the complainant [must be] arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Dismas Charities, Inc. v. U.S. Dept. of Justice*, 401 F.3d 666, 671 (2005) (quoting *Camp*, 397 U.S. at 153)). "The 'zone of interests' test is a guide for deciding whether, in view of Congress' evident intent to make agency action presumptively reviewable, a particular plaintiff should be heard to complain of a particular

agency decision." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987). The relevant inquiry is whether the particular statute or regulation relied upon by the plaintiff protects the interest of someone in the plaintiff's position. *See Dismas Charities*, 401 F.3d at 673 (citation omitted). Where the plaintiff is not the directly regulated party, and its interests are "so marginally related to or inconsistent with the purposes" of the relevant statute, it will be assumed that Congress did not intend to permit the suit, and the plaintiff will lack prudential standing. *Clarke*, 479 U.S. at 399; *Patel v. U.S. Citizenship & Immigration Serv.*, 732 F.3d 633, 635 (6th Cir. 2013).

## IV. DISCUSSION

When employing the zone-of-interests test, the first task is to identify "the statutory provision upon which the plaintiff relies . . . ." *Dismas Charities*, 401 F.3d at 674. If the plaintiff is not arguably within the zone of interests protected by the relevant provision, the plaintiff is arguing someone else's rights, and they fail the test. *See id*. "[I]t makes no difference if the plaintiff 'shares the interests' of the third party in the sense of . . . having an economic interest in[] having the third party enjoy those rights." *Id.* at 674-75. Though the prudential standing requirements have been loosened in the administrative context, the complaining party must still be arguably within the purview of the relevant provision to have prudential standing. *See id.* at 674.

Here, RSA rests its claims on Title IV of the Higher Education Act of 1965 ("Title IV"), , asserting that the Department's withholding of federal student aid from SCC has in turn left it with "unmarketable bonds." (Proposed Intervening Compl. 1-2). The purpose of Title IV, however, is "to assist in making available the benefits of postsecondary education to eligible students . . . in institutions of higher education by" providing grants, special programs, and financial aid payments to States to assist institutions of higher education. 20 U.S.C. § 1070(a).

It is clear that Congress sought to benefit students and universities with this provision, not firms like RSA.

As a party not directly regulated by Title IV, RSA's claim fails the zone-of-interests test. Its interests are only "marginally related" to Title IV, as that provision concerns making financial aid available to students and universities directly, not to firms like RSA which market bonds issued by cities like Springfield to fund colleges like SCC. That RSA is several steps removed from the direct beneficiaries of Title IV distances it further outside the zone of interests protected by this provision. Indeed, RSA's assertion that the DoE's actions have left it with effectively unmarketable bonds was the type of claim the zone-of-interests test guards against. *See Dismas Charities*, 401 F.3d at 675 ("The policies underlying the zone-of-interests limitation apply most clearly where a provider of government services challenges the reduction of benefits to a third party because the reduction decreases the demand for the provider's services."). *Cf. Patel*, 742 F.3d at 637 (finding plaintiff to have prudential standing when the denied benefit would have gone directly to him under the statute). RSA's interests in the outcome of this case are so "marginally related to [and] inconsistent with the purposes of [Title IV]" that Congress could not have intended to permit this suit, and RSA fails to establish prudential standing. *Clarke*, 479 U.S. at 399-400. Accordingly, the Court will deny the motion.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Intervenor's Motion to Intervene (DN 30) is **DENIED**.

*[signature]*

**Greg N. Stivers, Judge**
**United States District Court**

July 27, 2016

cc: counsel of record